IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 1:CR-01-054 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **CHRISTOPHER A. FOSTER,** | : | |
| Petitioner. | : | |

**MEMORANDUM AND ORDER**

Before the Court is a pro se motion to vacate pursuant to 28 U.S.C. § 2255, filed March 2, 2004. (Doc. No. 34.) Christopher A. Foster ("Petitioner") filed for a writ of habeas corpus challenging his sentence imposed on November 28, 2001. (Doc. No. 30.) For the reasons stated below, Petitioner's motion to vacate will be dismissed.

**I.  BACKGROUND**

Petitioner pled guilty to attempted robbery in the first degree in the Supreme Court of New York on October 19, 1982, and was sentenced on November 30, 1982 to 1 ½ to 4 ½ years in prison. Thereafter, in August 1991, Petitioner was deported from the United States. On February 14, 2001, Petitioner was charged in a one-count indictment with illegal re-entry into the United States by a deported alien following conviction for an aggravated felony in violation of 8 U.S.C. § 1362(a), (b)(2). Petitioner pled not guilty to the illegal re-entry indictment at his initial appearance on February 27, 2001. (Doc. No. 7.) On April 18, 2001, in a separate indictment, Petitioner was charged pursuant to 21 U.S.C. § 841(a)(1) with distribution and possession with intent to distribute in excess of five grams of crack cocaine during the period of December 15, 2000 through December 20, 2000. Pursuant to a

written plea agreement, Petitioner entered a guilty plea on May 23, 2001 regarding the illegal re-entry indictment, which this Court accepted. (Doc. No. 18.) In the March 23, 2001 plea agreement, the United States ("Respondent") agreed to move for dismissal of the drug indictment contingent upon Petitioner's cooperation with a related narcotics investigation.

Sentencing for Petitioner's illegal re-entry indictment was held on November 28, 2001. This Court adoped the factual findings and guideline application in the Presentence Report, and sentenced Petitioner to 71 months in prison. (Doc. No. 24. at 2.) Following Petitioner's cooperation in Respondent's narcotics investigation, Respondent moved to dismiss the drug indictment.

On November 21, 2003, while housed at the Federal Correctional Institution at Fairton, New Jersey, Petitioner filed a petition under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey challenging his sentence. Petitioner also filed a motion in that court under 28 U.S.C. § 2255. That court entered an order consolidating the two matters and transferring the consolidated matter to this district for disposition. On March 2, 2004, Petitioner filed a motion to vacate under 28 U.S.C. § 2255. Respondent filed a timely opposition to Petitioner's motion to vacate. (Doc. No. 36.)

## II. SUMMARY OF PETITIONER'S ARGUMENTS

Petitioner advances three arguments in support of his petition to vacate or adjust his sentence. Specifically, as his first ground for relief, Petitioner states only "Guilty Plea Colloquy." Petitioner cites no facts or additional argument in support of this ground. In his second ground for relief, Petitioner states, "Concerns a sixteen-level guideline enhancement for an Aggravated Felony." In support thereof, Petitioner states that "the Court used a 1982 Aggravated Felony conviction to enhance to the (16-

Level).  However, Aggravated Felony for re-entry was inacted [sic] in the year 1988."  (Doc. No. 34.) Based upon these supporting facts, Petitioner apparently claims that his 1982 aggravated felony conviction should not have been used to enhance his sentence for the 2001 illegal re-entry conviction because the United States Sentencing Guidelines were not enacted until 1988, approximately six years after his aggravated felony conviction.  Finally, in his third ground for relief, Petitioner alleges "Inefficient Council [sic]."[1]  In support of this argument, Petitioner states "[m]y Appeal Lawyer claimed that the Court could not show where I entered the USA before 2001, Jan.  My record shows cases 1994, 1996 [sic]. thats [sic] before 2001."  (Doc No. 34.)  Based upon these proffered supporting facts, it appears that Petitioner seeks relief because the location of his illegal re-entry into the United States was not determined with certainty.

## III.  DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence.  28 U.S.C. § 2255 (2004).  However, § 2255 does not afford a remedy for all errors that may have been made at trial or sentencing.  United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993).  "The alleged error must raise 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. (quoting United States v. Hill, 368 U.S. 424, 428 (1962)).  Furthermore, § 2255 generally limits a federal prisoner's ability to attack the validity of his sentences to cure jurisdictional errors and errors which rose to the level of a constitutional violation.  United States v. Timmreck, 441 U.S. 780, 783-84 (1979).

---

[1]This Court will construe Petitioner's claim under this ground as ineffective assistance of counsel.

Morever, the decision whether to hold a hearing when a prisoner moves to vacate a judgment under § 2255 is left to the sound discretion of the district court. Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). In general, if a petitioner raises an issue of material fact, a district court must afford a hearing in order to determine the truth of the prisoner's allegations. Essig, 10 F.3d at 976. However, a prisoner is not entitled to a hearing if the allegations set forth are contradicted conclusively by the record or if the allegations are patently frivolous. Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001).

### A. Guilty Plea Colloquy

Although he offers no supporting facts, Petitioner attacks the adequacy of the guilty plea colloquy under his first ground to vacate his sentence.

"Section 2255 generally may not be employed to relitigate questions which were raised and considered on direct appeal." United States v. DeRewal, 10 F.3d 100, 105 (3d Cir. 1993) (internal quotations omitted). However, four exceptions to this general rule exist:

> [I]n the absence of [1] newly discovered evidence that could not reasonably have been presented at the original trial, [2] a change in applicable law, [3] incompetent prior representation by counsel, or [4] other circumstances indicating that an accused did not receive full and fair consideration of his federal constitutional and statutory claims, a section 2255 petitioner may not relitigate issues that were adjudicated at his original trial and on direct appeal.

United States v. Palumbo, 608 F.2d 529, 533 (3d Cir. 1979).

Petitioner attacked the adequacy of his guilty plea colloquy in an appeal from this Court's acceptance of his guilty plea. (Doc. No. 34.) On September 30, 2002, the United States Court of Appeals for the Third Circuit affirmed this Court's sentence. (Doc. No. 34.) Petitioner has presented no newly discovered evidence, no change in applicable law, no allegation of

incompetent prior representation by counsel relating to the guilty plea colloquy, and no facts that indicate that he did not receive full and fair consideration of his attack of the guilty plea colloquy in his appeal to the Third Circuit.  Therefore, Petitioner is barred from relitigating the validity of the guilty plea colloquy.

### B.  **Eight-Level Guideline Enhancement for Petitioner's Aggravated Felony**

Although it is difficult to ascertain Petitioner's precise claim asserted in ground two, it appears that Petitioner claims that this Court should not have used his 1982 aggravated felony conviction to enhance the sentence for his 2001 illegal re-entry conviction because the United States Sentencing Guidelines Manual was not enacted until 1988.

Section 2L1.2(b)(1)(A) of the United State Sentencing Guidelines Manual ("sentencing guidelines") provides for an eight-level increase to an illegal re-entry conviction if the alien was deported after a conviction for an aggravated felony.  U.S.S.G. § 2L1.2(b)(1)(C) (2004).  Under 8 U.S.C. § 1101(a)(43), "aggravated felony" includes theft or burglary offenses for which the term of imprisonment is at least one year.  8 U.S.C. § 1101 (2004).  For purposes of subsection (b)(1)(C) of the sentencing guidelines, "aggravated felony" is defined under 8 U.S.C. § 1101(a)(43) without regard to the date of the conviction for the aggravated felony.  U.S.S.G. § 2L1.2, comment., n.3.  Thus, "the date of illegal reentry – not the date of the underlying offense – is the relevant date for determining the definition of aggravated felony applicable for purposes of sentence enhancement." United States v. Herrera-Solorzano, 114 F.3d 48, 49 (5th Cir. 1997).  If an alien illegally re-enters the United States after the effective date of the Sentencing Guidelines, the sentence enhancement to an illegal re-entry conviction is warranted.  Id.

Petitioner was convicted of attempted robbery in the first degree in the Supreme Court of New York for the County of Kings and received a sentence of 1 ½ to 4 ½ years in prison. Thus, under § 2L1.2(b)(1)(C) of the sentencing guidelines, Petitioner was convicted of an aggravated felony. Furthermore, for sentencing purposes in his illegal re-entry conviction, the date of Petitioner's aggravated felony conviction is irrelevant under § 2L1.2(b)(1)(C) comment three. The sentencing enhancement applied to Petitioner's illegal re-entry sentencing was proper. Therefore, Petitioner is not entitled to relief under his assertion that this Court incorrectly applied an eight-level enhancement to reach the sixteen-level.

### C. Ineffective Assistance of Counsel

In his third asserted ground to vacate, Petitioner claims that "[m]y Appeal Lawyer claimed that the Court could not show where I entered the USA before 2001, Jan. My record shows cases 1994, 1996, thats [sic] before 2001." (Doc. No. 34.) Construed as beneficially to Petitioner as possible, he appears to assert that his appellate lawyer was ineffective because the location of Petitioner's illegal entry into the United States was not determined with precision.

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that (1) the performance of counsel fell below an objective standard of reasonableness and (2) the errors of counsel prejudiced the defense. Strickland v. Wash., 466 U.S. 668, 687-88, 691-92 (1984). A petitioner must satisfy both of the Strickland prongs in order to maintain a claim of ineffective counsel. George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001). Specifically, the first Strickland prong requires a petitioner to "establish first that counsel's performance was deficient." Jermyn v. Horn, 266 F.3d 257,

282 (3d Cir. 2001). This prong requires a petitioner to show that counsel made errors "so serious" that counsel was not functioning as guaranteed under the Sixth Amendment. Id. Additionally, the petitioner must demonstrate that counsel's representation was below an objective standard of reasonableness under prevailing professional norms. Id. "There is a 'strong presumption' that counsel's performance was reasonable." Id. (quoting Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996).

Under the second Strickland prong, a petitioner "must demonstrate that he was prejudiced by counsel's errors." Id. This prong requires the petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "Reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." Id.

With the foregoing in mind, Petitioner's claim of ineffective assistance of counsel must be rejected. Even construing Petitioner's arguments liberally, Petitioner fails to satisfy either prong of Strickland. Petitioner does not intelligibly state how his appellate counsel's representation was "deficient" nor what prejudice he suffered as a result of such asserted deficiency. First, it need not be determined precisely when or where Petitioner entered the United States for an illegal re-entry conviction. Instead, what is relevant to Petitioner's conviction of illegal re-entry is that by virtue of his presence in the United States, Petitioner violated the law. Specifically, under 8 U.S.C. § 1326(a)(2), a previously deported alien commits the offense of illegal re-entry into the United States "in any of three ways: he or she (1) enters the United States, (2) attempts to enter the United States, or (3) is at any time found in the United States." United States v. Herrara-Ordones, 190 F.3d 504, 509 (7th Cir.

1999) (emphasis added); see also 8 U.S.C. § 1326(a)(2) (2004).  Under § 1326(a)(2), a deported alien is "found in" the United States "when the alien is discovered by authorities."  United States v. Hernandez, 189 F.3d 785, 789 (9th Cir. 1999).  Thus, precisely when and where Petitioner illegally re-entered the country is irrelevant under the statute.

    Based on Petitioner's proffered supporting facts, this Court cannot ascertain how Petitioner's appellate counsel performed deficiently nor how counsel's errors could be deemed "so serious" that counsel was not functioning as guaranteed under the Sixth Amendment.  Likewise, Petitioner does not set forth any supporting facts under his claim of ineffective assistance of counsel that illustrate prejudice.  As noted above, the location and exact time of Petitioner's re-entry into the United States is irrelevant and thus, based on Petitioner's asserted facts, there is no "reasonable probability" that, absent appellate counsel's error, Petitioner would not have been convicted of illegal re-entry.  Petitioner offers no other reasons or factual support for his contention that his legal counsel was deficient or otherwise prejudicial.  Accordingly, Petitioner's claim of ineffective assistance of counsel will be dismissed.

**III  ORDER**

For the foregoing reasons, the motion to vacate or adjust Petitioner's sentence pursuant to 28 U.S.C. § 2255 shall be **DENIED**.  The Clerk of Court shall close the file.

    S/ Yvette Kane
Yvette Kane
United States District Judge

December 6, 2004